IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 1 6 2006
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

JACOB GEORGE, et al.,

Plaintiffs,

v.

COLONY LAKE PROPERTY OWNERS
ASSOCIATION, an Illinois Not-
for-Profit Corporation,

Defendant.

Case No. 05 C 5899

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jacob George, Rekha George, Karla Woodward, Jordan Woodward, Justyna Woodward, Danielle Woodward, Kecia L. Barnes-Glass, Christopher Barnes, Phillip Barnes, Nicholas Barnes, Vivian Mosby, Brian Fellows, and Allyah Fellows (collectively, the "Plaintiffs") brought this action alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617, and the Civil Rights Act, 42 U.S.C. § 1981 and 1982. Defendant Colony Lake Property Owners Association (hereinafter, "the Association") moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons states herein, Defendant's Motion to Dismiss **is denied**.

### I. FACTS

The following relevant facts are taken in the light most favorable to the Plaintiffs, with any conflicting pleadings resolved in their favor. The Colony Lakes subdivision consists of

a large number of single family unconnected homes and a small number of duplex connected homes. The residents of the single family, unconnected homes are overwhelmingly white. During 2003, Plaintiffs Karla Woodward, Kecia Barnes-Glass and Vivian Mosby, rented units in duplex residences from Plaintiffs Rehka and Jacob George. The terms of the leases were five years. All of the Georges' tenants have been and are single African-American female heads of households with black children, except Woodward who is Puerto Rican with black children. Barnes-Glass and her children suffer from physical and learning disabilities.

In November 2003, after the Plaintiffs signed their leases, the Association discussed amending the by-laws to prevent the rental of such homes after the leases expired in 2008. The Association sent ballots to homeowners to vote on such action. The Georges were unable to attend the meeting to drop off their vote, so Ms. Barnes-Glass dropped it off for them. Ms. Barnes-Glass was the only African-American at the meeting and the only person questioned as to whether she was a renter. When Ms. Barnes-Glass explained that she was dropping off her landlord's ballot, she was treated rudely. The ballot was not counted in the vote and the amendment to bar renters passed.

In 2004, the Association introduced another amendment to the by-laws which prohibited the rental of any unit after October 4, 2005. The effect of the second amendment would have been to remove

all African Americans from the townhouses. When questioned as to why the second amendment was passed, the president of the Association stated, "quality of life was going down in the subdivision." Plaintiffs allege the statement related to a perceived problem of too many African-Americans in the area.

Plaintiffs allege other statements by Association members, showing racial animus such as "Those people need to go back to where they came from if they are going to act like that." Members made false complaints about Plaintiffs and other previous tenants who were African American. Following the second amendment, Plaintiff Barnes-Glass wrote to the Association requesting reasonable accommodations so that she could schedule surgeries for her cancer. The Association refused.

## II. ANALYSIS

A Rule 12(b)(6) motion is designed only to "test the sufficiency of the complaint, not to decide its merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court must take the facts alleged by the plaintiffs as true and must construe all allegations in the complaint in the light most favorable to the plaintiffs. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). A complaint may be dismissed only if it is clear that the plaintiffs can prove no facts in support of their claims that would entitle them to relief. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998).

### A. Sections 3604 and 3617

The Association contends that Sections 3604 and 3617 do not bar discrimination that occurs after an individual purchases or rents property, and thus, Plaintiffs' 3604 (Count I) and 3617 (Count II) claims should be dismissed. Section 3604(a) makes it unlawful to:

> refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, *or otherwise make unavailable or deny*, a dwelling to any person because of race, color, religion, sex, familial status or national origin.

42 U.S.C. § 3604 (emphasis added).

The Association argues that the Seventh Circuit decision in *Halprin* precludes post-acquisition claims under Sections 3604 and 3617. *Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et al.*, 388 F.3d 327, 328-330 (7th Cir. 2004). In *Halprin*, the Seventh Circuit affirmed the district court's dismissal of plaintiffs' 3604 claims, stating that Congress did not intend for "quarrels between neighbors [to] become a routine basis for federal litigation." *Id.* at 329. Although the Court stated that Section 3604 did not apply to post-acquisition claims, it noted that the language of 3604 might be "stretched far enough to reach a case of 'constructive eviction.'" *Id.* at 329. In this case, the Plaintiffs will be evicted actually, not constructively, by the Association's actions. The amendments to the by-laws make the rental of the dwelling unavailable to Plaintiffs under

- 4 -

Section 3604. Accordingly, it is premature at this stage to dismiss Count I.

The Association also contends that the Seventh Circuit effectively held that 24 C.F.R. § 100.400(c)(2)("the Regulation") is invalid and therefore, post-acquisition claims cannot survive under 3617. 388 F.3d at 330. Section 3617 makes it unlawful, "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The Regulation, issued by the Department of Housing and Urban Development, interprets Section 3617 as forbidding the "threatening, intimidating or interfering with persons in their enjoyment of a dwelling . . ." *Id.* 24 C.F.R. § 100.400(c)(2).

Contrary to the Association's argument, the Seventh Circuit reversed the district court's dismissal for failure to state a claim under Section 3617 holding that the Regulation allowed for post-acquisition claims. Although the Court raised a question as to the validity of the Regulation, it did not ultimately rule on that issue because defendants had not challenged it. *Id.* The Court noted that the only other appellate court to consider the issue held the Regulation valid. *Gonzalez v. Lee County Housing Auth.*, 161 F.3d 1290, 1304-05 (11th Cir. 1998); *see also United*

*States v. Altmayer*, 368 F. Supp. 2d 862, (N.D. Ill. 2005)(denying motion to dismiss 3617 claim under *Halprin* and *Gonzalez*). Under current case law, the Regulation is valid. Thus, the Association's Motion to Dismiss Count II is denied.

### B. Section 1981

Defendants move to dismiss Count III under 42 U.S.C. § 1981. Section 1981 addresses racial discrimination in contractual relationships. It provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . .

42 U.S.C. § 1981.

To state a claim under § 1981, Plaintiffs must show that (1) they are members of a racial minority; (2) the Association had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Morris v. Office Max, Inc.* 89 F.3d 411, 413 (7th Cir. 1996). Plaintiffs are members of a racial minority and allege that the Association interfered with their contracts on the basis of their race. Based on these allegations, Plaintiffs can prove facts that would entitle them to relief under Section 1981. *Cook*, 141 F.3d at 327. Thus, the Association's Motion to Dismiss Count III is denied.

### C. Section 1982

Count Four is a claim under 42 U.S.C. § 1982, which provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

The Association argues that § 1982 bars racial discrimination only in property transactions such as the sale or rental of property. The court disagrees. Section 1982 gives every citizen the right to "inherit, purchase, lease, sell, *hold*, and convey . . . " "Hold" must have a different meaning from the other verbs included in the statute. *Bryant v. Polston*, No. 00 C 1064, 2000 WL 1670938, (N.D. Ind. Nov. 2, 2000).

To state a claim under § 1982, Plaintiffs must allege that Defendant had a racial animus, intended to discriminate against the Plaintiffs, and deprived the Plaintiffs of protected rights because of the Plaintiffs' race. *Whisby-Myers v. Kiekenapp*, 293 F. Supp. 2d 845, 850 (N.D. Ill. 2003). Plaintiffs have alleged the elements of a Section 1982 claim. They claim that the Association had racial animus by passing amendments to eliminate any African-Americans from living in the subdivision. The Association's intent to discriminate is adequately alleged in the actions taken and comments made by Board members toward the Plaintiffs. Finally, Plaintiffs allege that the Association deprived Plaintiffs of rights protected by § 1982 because they will be deprived of their

right to live in or lease the condominiums. Plaintiffs state a claim under Section 1982. Therefore, the Associations's Motion is denied as to this claim.

### III. CONCLUSION

For the reasons stated herein, the Association's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: June 16, 2006